UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 05-448 (ESH) |
| v. | : | |
| KIRK CARTER | : | |
| Defendant. | : | Judge Ellen Segal Huvelle |

### APPEAL OF RELEASE ORDER AND REQUEST FOR STAY

*COMES NOW*, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, and respectfully moves this Court to reverse the decision of the Magistrate Judge to release defendant Carter pending trial and to stay the order of release until the Court can act on the United States request. The record shows that no condition nor combination of conditions for the defendant's release can reasonably assure the safety of the community. Thus, the United States asks the Court to hold the defendant without bail pending trial. In support the United States says as follows:

### BACKGROUND

Defendant Carter has been indicted by a grand jury on one count of Conspiracy to Distribute and Possess With Intent to Distribute 5 Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base. The evidence presented to that grand jury established that defendant Carter is a significant participant in a large-scale narcotics conspiracy that knowingly and intentionally distributed and possessed with intent to distribute numerous kilograms of cocaine, and cocaine base, also known as crack cocaine over the course of at least the months of September and October, 2005. When a search warrant was conducted on his residence on October 25, 2005, the following noteworthy items were recovered: ammunition, shotgun shells,

two electronic scales, numerous empty ziplock baggies, and a strainer containing a white powder residue. Additionally, Carter's criminal history shows that he was sentenced in 1992 to 135 months incarceration, having been convicted of a Drug Conspiracy in the United States District Court for the District of Columbia.

Members of the charged conspiracy conducted their illegal drug business in locations throughout Washington, D.C. and suburban Maryland. Search warrants executed in connection with the investigation on Monday, October 24, 2005, led to the seizure of 97 kilograms of cocaine hydrochloride, 3 kilograms of crack, and close to $1 million from a stash house utilized by this organization. Drugs, guns, paraphernalia , and considerable sums of cash were seized from various other locations associated with members of the conspiracy. Further details regarding the investigation are set forth in a written proffer in support of detention, which was submitted to Magistrate Judge Robinson. That proffer is attached, and incorporated by reference herein.

The proffer as a whole showed that defendant Antoine Jones was receiving large amounts of cocaine at least monthly and then redistributing it in probably kilogram quantities to a small group of associates. Carter was one of this group.

**ARGUMENT**

This Court should overturn the decision to release the defendant and order him held without bail instead. This Court should also stay the order of the Magistrate Judge pending resolution of this appeal. When detention has been denied, 18 U.S.C. § 3145(a) states:

> (a) Review of a release order – If a person is ordered released by a magistrate, . . .
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . .

The motion shall be determined promptly.

On the government's motion to appeal a release order, this Court considers *de novo* the Magistrate Judge's denial of pre-trial detention. In its discretion, the Court may proceed to rehear the evidence by recalling the witnesses, reviewing transcripts, or by proceeding through proffer and argument. It may take additional evidence from new witnesses or consider arguments not raised previously. In short, the Court may proceed in the way that best enables it to answer the question posed: whether any condition or combination of conditions will reasonably assure the safety of any other person and the community? To that end, it is worthwhile recalling Congress' intent in 1984 when it enacted the current version of the Bail Reform Act:

> Many of the changes in the Bail Reform Act reflect the . . . determination that Federal bail laws must . . . give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released. . . . The constraints of the Bail Reform Act fail to grant the Courts the authority to impose conditions of release geared toward assuring community safety, or the authority to deny release to those defendants who pose an especially grave risk to the safety of the community. . . . ***This broad base of support for giving judges the***

> ***authority to weigh risks to community safety in pretrial release decisions is a reflection of the deep public concern, which the Committee shares, about the growing problem of crimes committed by persons on release.***

See S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S.Code Cong. & Ad.News 3182, 3486-3487. (Emphasis added.)[1]

---

[1] The Court must always consider whether defendant's release is a danger to the community. This point is made throughout the Bail Reform Act. Section 3142(e), which authorizes detention without bail pending trial, which reads:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required ***and the safety of any other person and the community***, such judicial officer ***shall order*** the detention of the person before trial.

Emphasis added. Similarly, § 3142(f) reads:

> The judicial officer shall hold a hearing to determine whether any condition of combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person ***and the safety of any other person and the community*** –
>   (1) upon motion of the attorney for the Government, in a case that involves,
>     (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq*.) . . .

Emphasis added. This point is again made in § 3142(g), **Factors to be considered**, which states:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required ***and the safety of any other person and the community***, take into account the available information concerning –
>   (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>   (2) the weight of the evidence against the person;
>   (3) the history and characteristics of the person . . .
>   (4) ***the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .***

(Emphasis added.)

No condition of release nor combination of them can ensure that the defendant will not pose a danger to the community if released. This is based first upon the presumption to that effect written into the Bail Reform Act. 18 U.S.C. § 3142(e) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions of release will reasonably assure the . . . safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."). This presumption, triggered by indictment, is reinforced overwhelmingly by the facts of the case.

The defendant is a significant member of a drug organization, and an armed one at that, with a prior history of assault and a handgun violation. The facts laid out highlight the danger that Jackson's release would pose . As the legislative history of the 1984 Bail Reform Act amendments shows:

> [T]he language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The committee intends that the concern about safety be given a broader construction than merely danger of harm involving violence. . . . The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community.

S.Rep. No. 225, *supra*, at 3195-3196.

Against these facts, the defendant relies on community ties to overcome the presumption that he should be held pending trial. Again, the framers of the 1984 Bail Reform Act thought differently. "The Committee also notes with respect to the fact of community ties that it is aware of the growing evidence that the presence of this factor does not necessarily reflect a likelihood

of appearance, and has no correlation with the question of the safety of the community." S.Rep. No. 225, supra, 3207. Nor is it clear why community ties, which did not at all stop this defendant from selling drugs as described above, now will keep him from doing so again.

 Counteracting the representations made by the defendant is the seriousness of the charges he faces, and the strength of the government's evidence, which the Court must also consider in determining whether the defendant has overcome the presumption that there are no conditions of release that would ensure the safety of the community. 18 U.S.C. § 3142(g). The government has numerous wire interceptions capturing the defendant discussing drug trafficking with his supplier, Antoine Jones. There is also surveillance that confirms this activity. And finally, there is the seizure of narcotics and trafficking paraphernalia from the defendant's residence, along with the seizure from the group's stash house of 97 kilograms of cocaine, 3 kilograms of crack, and close to $1 million in cash. In addition, this defendant is charged with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, and Cocaine Base; if convicted, the defendant faces a sentence of from between ten years to life.

In summary, the defendant's release constitutes a clear, convincing danger to the community. The order releasing him should be reversed for the reasons set forth above and for any other reasons appearing at a hearing on this motion.

The Government did request that the Magistrate Judge stay her release order of Friday, January 13, 2006. She declined to do so. Thus, unless this Court stays that order the defendant will be released tody, probably sometime after noon today.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
DC Bar No. 451058

_____
RACHEL CARLSON LIEBER
Assistant United States Attorney
DC Bar No. 456-491
555 Fourth Street, N.W.
Room 4820
Washington, DC  20530
(202) 353-8055

JOHN V. GEISE
Assistant United States Attorney
DC Bar No. 358-267
555 4th Street, N.W., Room 4112
Washington, DC 20530
(202) 616-9156

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion has been served, by electronic mail, on Charles Daum, Esq., counsel for defendant Carter, on this ***13th*** day of January, 2006.

_____
RACHEL CARLSON LIEBER
Assistant United States Attorney